UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-224-H

DAVID KITTLE                                                                    PLAINTIFF

v.

FIRST REPUBLIC MORTGAGE CORPORATION, et al.              DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, David Kittle, sued his former employer, First Republic Mortgage Corporation ("FRMC"), in Jefferson Circuit Court for identity theft and intrusion in violation of several Kentucky statutes, the common law, and industry standards.  Nearly two years after filing suit, Plaintiff joined David Richey ("Richey"), an owner, director, and officer of FRMC, as a defendant.  Richey promptly filed a Notice of Removal predicated on diversity jurisdiction.  Plaintiff now moves to remand to state court, arguing that the Notice of Removal was deficient, time-barred, and in direct contradiction to prior stipulations with FRMC.

The propriety of remand turns on whether Richey has satisfied his burden of showing that the amount in controversy is sufficient to support federal subject matter jurisdiction.  The circumstances here are somewhat unusual and, ultimately, the resolution of the motion is a close call.  Nevertheless, the Court finds that Richey has not met his burden.

I.

FRMC is a mortgage company that originates and brokers residential loans.  Until several years ago, David Kittle was an employee, owner, and officer of FRMC, and operated its Louisville branch in eastern Jefferson County.  In October 2004, Kittle and FRMC parted ways,

and his interest in the company was purchased in a formal "buyout".  FRMC is now owned exclusively by Mike Osterling and David Richey who also serve as officers and directors of the company.

Shortly after the break up, on October 28, 2004, numerous electronic applications for credit were made using Kittle's personal identifying information.  Applications were made for automobile loans, credit cards, home mortgages, blackberry telephones, and a pornographic website.  The applications identify the IP address of a computer owned by FRMC as the source of the applications.

On May 9, 2005, Plaintiff filed suit in Jefferson Circuit Court against FRMC.  Within a month, FRMC filed notice to remove the original complaint to federal court.  Kittle moved to remand on the basis that the amount in controversy did not exceed the $75,000 threshold required by 28 U.S.C. § 1332(a).  On October 28, 2005, the parties entered a joint stipulation confirming that the amount in controversy did not exceed $65,000, and the case was remanded to the Jefferson Circuit Court.

In the course of discovery, Kittle learned that on the evening of the credit applications in question David Richey had engaged a third party computer expert to purge his FRMC computer of temporary internet files.  FRMC then moved for summary judgment, arguing that it could not be held directly liable for an intentional tort of its agent.  Kittle then sought leave to amend its complaint to join Richey as a defendant.  The circuit court permitted Richey's joinder and denied FRMC's motion for summary judgment.  Richey promptly removed to federal court predicated on jurisdiction due to diversity of citizenship.

2

II.

Federal jurisdiction in a diversity case is determined as of the time of removal.  *See*

*Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  When reviewing a

motion to remand, a court looks to "whether the action was properly removed in the first place."

*Id.* (citing *Fakouri v. Pizza Hut of Am., Inc.*, 824 F.2d 470, 472 (6th Cir. 1987)).  In the interest

of comity and federalism, "federal jurisdiction should be exercised only when it is clearly

established."  *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

> This court has a responsibility to accept jurisdiction in all proper
> cases. It has a greater obligation to protect the jurisdiction of the State
> court, both by reason of comity to that court and fairness to litigants
> who have chosen it as a forum. Where there is doubt as to federal
> jurisdiction, the doubt should be construed in favor of remanding the
> case to the State court where there is no doubt as to its jurisdiction.

*Fenger v. Idexx Laboratories, Inc.*, 194 F.Supp.2d 601, 602-03 (E.D. Ky. 2002) (citing

*Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D. Ky. 1990)).

III.

Diversity jurisdiction requires that the amount in controversy exceed "the sum or value of

$75,000, exclusive of interests and costs."  28 U.S.C. § 1332 (2007).  When the amount in

controversy is challenged, the removing defendant has the burden to prove, by the

preponderance of the evidence, the requirements of 28 U.S.C. § 1332.  *Hayes v. Equitable*

*Energy Resources Co.*, 266 F.3d 560 (6th Cir. 2001) (citing *Gafford v. General Electric Co.*, 997

F.2d 150, 158 (6th Cir. 1993)).  This standard "does not place upon the defendant the daunting

burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-

in-controversy requirement.  Such a burden might well require the defendant to research, state,

and prove the plaintiff's claim for damages."  *Id.*  However, Richey must show that the amount

3

in controversy is "more likely than not" greater than $75,000. *See Gafford*, 997 F.2d at 158. Indeed, in practice, the burden of proof is rather low because a defendant need only describe the worst case result.

Richey's Notice of Removal is devoid of any clear allegation that the amount in controversy is greater than $75,000.[1]  Its sole mention of jurisdiction provides: "This court has original jurisdiction of this action under 28 U.S.C. § 1332 (diversity of citizenship), and this action may be removed to this court pursuant to 28 U.S.C. § 1441(a)."  Such a conclusory statement as to jurisdiction is not enough to satisfy the jurisdictional requirement, when the complaint is silent as to the damages claimed.  *National Nail Corp. v. Moore*, 139 F.Supp.2d 848, 851 (W.D. Mich. 2001).  Richey stated no facts or justification for his conclusion.

Richey argues that the face of the complaint provides ample evidence that the amount in controversy exceeds the jurisdictional requirement.  He argues that the claims require a finding that the amount in controversy is above $75,000.  The First Amended Complaint, which adds Richey as a defendant, demands compensatory and punitive damages for identity theft as defined by Ky. Rev. Stat. § 514.160, along with attorney's fees and costs.  True enough, the claims may be aggregated to satisfy the jurisdictional requirements.  *Hollon v. Consumer Plumbing Recovery Center*, 417 F.Supp.2d 849, 851 (E.D. Ky. 2006) (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990).  Punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered.  *Id.* (quoting *Hayes v. Equitable Energy Resources Co.*,

---

[1] The Court is aware that the Kentucky rule prohibiting unliquidated damages allegations prevents the plaintiff from specifying the amount of damages in the complaint.  Ky. R. Civ. P. 8.01.  Thus, the defendants in this case were faced with a bare statement of the claim and minimal jurisdictional allegations of the complaint upon which to base a removal decision.  However, "this uncertainty does not excuse a defendant from meeting its burden of informing the Court of the jurisdictional grounds that justify removal."  *Fenger*, 194 F.Supp.2d at 603 n.2 (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

4

266 F.3d 560, 572 (6th Cir. 2001)).  Statutory attorneys fees are also included in the amount in controversy.  *Id.* (citing *Crosby v. Am. Online, Inc.*, 967 F.Supp. 257, 261 (N.D. Ohio 1997)). However, the fact that Kittle is seeking compensatory and punitive damages for identity theft plus attorneys fees does not necessitate a finding that the claims exceed the jurisdictional requirement, and the Court sees no reason why such claims, without any further explanation about the extent of harm, implicate damages that are more likely than not greater than $75,000.

Richey emphasizes Kittle's refusal to stipulate to an amount of damages below the jurisdictional requirement.  Kittle did authorize such a stipulation for FRMC.  True enough, he has refused to extend a similar stipulation to Richey.  That Kittle refused to stipulate that his claim against Richey is less than $65,000, does not mean that the claim is more likely than not more than $75,000.  Rather, the claims against Richey arise from the same injury for which Kittle first sought compensation from FRMC, so they are presumably the same.  Thus, the stipulation battle proves very little either way.

Richey says that Plaintiff's counsel's stated reason for not extending the stipulation to Richey is that his attorneys fees for the discovery process of the case were high.  This hearsay statement, which the Court would usually ignore, does little to assist Richey's argument that the complaint seeks a sum above the jurisdictional requirement.  "[T]ypically, attorneys' fees are not considered part of amount in controversy for diversity purposes," except where an underlying statute authorizes an award of such fees.  *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007) (citing *Johnson v. Am. Online, Inc.*, 280 F.Supp.2d 1018 (N.D. Cal. 2003)). Plaintiff requests attorney fees and costs in his complaint, but points to no statute suggesting he is entitled to recovery of such from Richey.  Since Plaintiff has not alleged statutory attorneys

5

fees against Richey, any demand for such may not be included in the amount-in-controversy
calculation.

  For all these reasons, the Court concludes that Richey has not produced any argument
based on evidence or the complaint to show that the amount in controversy exceeds $75,000.

  The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record